UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*FILED IN CLERKS OFFICE*
*2005 FEB -3 P 12: 26*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

| | |
|---|---|
| JUE ZHANG,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL P. GOLDFINGER, M.D., and<br>SHRAGA N. GOLDBERG, M.D.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. NO.  04-12735PBS

## ANSWER, AFFIRMATIVE DEFENSES & JURY DEMAND OF
## THE DEFENDANT MICHAEL P. GOLDFINGER, M.D.

### Parties

1.    The defendant, Michael P. Goldfinger, M.D. ("defendant") is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the plaintiff's Complaint and, therefore, call upon plaintiff to prove the same.

2.    The defendant admits the allegations in paragraph 2.

3.    The allegations set forth in paragraph 3 of the plaintiff's Complaint do not pertain to this defendant.  To the extent they are construed to apply to this defendant, the defendant denies the same.

4.    The allegations set forth in paragraph 4 of the plaintiff's Complaint contain a legal conclusion, and therefore, the defendant need not respond.  To the extent a response is required, the defendant denies the same.

5.    The allegations set forth in paragraph 5 of the plaintiff's Complaint contain a legal conclusion, and therefore, the defendant need not respond.  To the extent a response is required, the defendant denies the same.

### COUNT I- NEGLIGENCE – SHRAGA GOLDBERG, M.D.

The allegations set forth in Count I of the plaintiff's Complaint do not pertain to this defendant.  To the extent they are construed to apply to this defendant, he is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

## COUNT II- NEGLIGENCE – MICHAEL GOLDFINGER, M.D.

11.     The defendant repeats and reavers fully his Answers to the preceding paragraphs as if each were set forth here in its entirety.

12.     The defendant denies the allegations in paragraph 12.

13.     The defendant denies the allegations in paragraph 13.

14.     The defendant denies the allegations in paragraph 14

15.     The defendant denies the allegations in paragraph 15

WHEREFORE the defendant denies that the plaintiff is entitled to any relief whatsoever as to this defendant.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation of the plaintiff's Complaint not specifically admitted above, the defendant, by way of affirmative defenses, states and avers as follows:

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the action is barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to the alleged damages and, therefore, the plaintiff is barred from recovery for the defendant's alleged negligence under M.G.L. c. 231, § 85.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is guilty of contributory negligence and the damages, if any, recovered by the plaintiff from the defendants should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. c. 231, § 85.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's Complaint and each respective count thereof fails to state a cause of action for which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff, by her conduct and actions is estopped to recover any judgment against the defendant.

## SIXTH AFFIRMATIVE DEFENSE

There is a lack of jurisdiction over the subject matter as there is no diversity of citizenship and/or as there is no valid claim for jurisdiction under 42 U.S.C. § 1395dd, such that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1).

## SEVENTH AFFIRMATIVE DEFENSE

There is a lack of jurisdiction over the person of this defendant pursuant to Fed. R. Civ. P. 12 (b) (2).

## EIGHTH AFFIRMATIVE DEFENSE

There is improper venue pursuant to Fed. R. Civ. P. 12 (b) (3).

## NINTH AFFIRMATIVE DEFENSE

The Defendant says that the amount of the recovery for alleged conscious pain and suffering, if any, is limited by the provisions set forth in M.G.L. c. 231 § 60H.

## TENTH AFFIRMATIVE DEFENSE

The Defendant says that the plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions set forth in M.G.L. c. 231 § 60G.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to M.G.L. c. 231 § 60B, it is requested that a tribunal be convened within fifteen days to afford the plaintiffs an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*DEFENDANT DEMANDS A TRIAL BY JURY.*

For the Defendant,
Michael Goldfinger, M.D.,
By his attorneys,


Sidney W. Adler, BBO #012660
Jennifer Boyd Herlihy, BBO #636815
Adler, Cohen, Harvey, Wakeman
  & Guekguezian, LLP
230 Congress Street, Tenth Floor
Boston, MA 02110
(617) 423-6674

CERTIFICATE OF SERVICE