UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB -3 P 12: 26
U.S. DISTRICT COURT
DISTRICT OF MASS

JUE ZHANG,
Plaintiff,

v.

MICHAEL P. GOLDFINGER, M.D., and
SHRAGA N. GOLDBERG, M.D.,
Defendants.

C.A. NO. 04-12735PBS

**MOTION OF THE DEFENDANTS, MICHAEL P. GOLDFINGER, M.D. AND SHRAGA N. GOLDBERG, M.D. FOR TRANSFER TO SUFFOLK SUPERIOR COURT TO CONVENE A MEDICAL MALPRACTICE TRIBUNAL**
***(ASSENTED TO BY PLAINTIFF'S COUNSEL)***

**INTRODUCTION**

Pursuant to M.G.L. c. 231, § 60B, the defendants, Michael P. Goldfinger, M.D. and Shraga N. Goldberg, M.D. ("defendants"), hereby move this Court to transfer this case to the Suffolk Superior Court for the limited purpose of convening a Medical Malpractice Tribunal. The plaintiff has assented to this Motion.

**ARGUMENT**

Massachusetts General Laws c. 231, § 60B provides that "[e]very action for malpractice, error, or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the Superior Court, a physician licensed to practice medicine in the Commonwealth . . . and an attorney authorized to practice law in the Commonwealth." The Massachusetts Supreme Judicial Court has interpreted this broadly to mean that "all treatment-related claims [are] meant to be referred to a malpractice tribunal." Little v. Rosenthal, 376 Mass. 573, 576 (1978) (action under M.G.L. c. 93A, § 9 alleging that nursing home committed unfair or deceptive practice is appropriate subject for tribunal screening process); See also Salem

Orthopedic Surgeons v. Quinn, 377 Mass. 514, 515 (1979) (action for breach of a promise by physician or other health care provider to produce a specific medical result is subject to screening provisions of M.G.L. c. 231, § 60B). The Court has stated that the legislative purpose of subjecting claims to tribunals is to discourage frivolous claims against health care providers. See Salem Orthopedic Surgeons, 377 Mass. at 520; Austin v. Boston Univ. Hosp., 372 Mass. 654, 655 n.4 (1977). M.G.L. c. 231, § 60B also states that the tribunal "shall determine if the evidence presented, if properly substantiated, is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." The legislature has, therefore, mandated that every medical malpractice case must be reviewed by a tribunal as defined in M.G.L. c. 231, § 60B.

The Complaint clearly alleges counts for negligence against the defendants. Therefore, based upon the allegations set forth in the plaintiff's Complaint, this is clearly a claim for malpractice, mistake, or error against a health care provider. Under such circumstances, the defendants are entitled to a medical malpractice tribunal.

M.G.L. c. 231, § 60B also states that the tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." The legislature has, therefore, clearly mandated that every medical malpractice case must be reviewed by a tribunal as defined in M.G.L. c. 231, § 60B. There is no exception. Austin, 372 Mass. at 660; Little, 376 Mass. at 576. Thus, if a medical malpractice case is entered in the United States District Court, the case must be transferred to the Superior Court for consideration by a medical tribunal. Feinstein v. Massachusetts General Hospital, 643 F.2d 880 (D.Mass. 1981).

Requests for Tribunals on behalf of the defendants are being filed simultaneously with this Motion.

WHEREFORE, the defendants request that this Court enter an Order transferring this civil action to the Superior Court for the limited purpose of convening a medical malpractice tribunal in accordance with Massachusetts General Laws c. 231, § 60B. As the alleged negligence took place at Beth Israel Hospital in Boston, the defendants request the case be transferred to the Suffolk Superior Court. Following the tribunal, the case may then be remanded to the United States District Court for the District of Massachusetts for resolution, if necessary.

***The plaintiff has assented to this Motion.***

The Defendants,
MICHAEL P. GOLDFINGER, M.D., and
SHRAGA N. GOLDBERG, M.D.,
By their Attorneys,

Sidney W. Adler, BBO #012660
Jennifer Boyd Herlihy, BBO #636815
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
230 Congress Street, 10th Floor
Boston, MA 02110
(617) 423-6674

The Plaintiff,
JUE ZHANG,
By her Attorneys,

Barry Lang, Esq. BBO #565438
Zachary Lang, Esq. BBO #652055
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA 02109
(617) 720-0176