Commonwealth of Massachusetts
County of Suffolk
The Superior Court

CIVIL DOCKET# SUCV2005-00709

Jue Zhang

vs

Shraga Goldberg MD

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on 06/24/2005, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

(1) For the plaintiff(s) _____Jue Zhang_____ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) For defendant(s) ~~_____ because the plaintiff(s) _____ action is merely an unfortunate medical result.~~

~~If a finding is made for the defendant or defendants in the above entitled action~~ the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

Dated: **06/24/2005**

Justice of the Superior Court

Associate Justice of the Superior Court Dept.

Legal Member:

Attorney - Tribunal Member

Medical Member:

*Physician - Tribunal Member
*Health Care Provider - Tribunal Member

**strike inapplicable words**

cm

I HEREBY ATTEST AND CERTIFY ON

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
CIVIL/CRIMINAL DEPARTMENT OF THE TRIAL COURT

BY
Asst. Clerk

**County of Suffolk**
**The Superior Court**

CIVIL DOCKET# **SUCV2005-00709**

Jue Zhang
vs.
Michael Goldfinger MD

### FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on **06/24/2005**, and was argued by counsel, and thereupon, upon consideration thereof the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

(1) For the plaintiff(s) *Jue Zang* _____ and that
the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

\*(2) For defendant(s) ~~_____ because the plaintiff(s) _____ action is merely an unfortunate medical result.~~

~~If a finding is made for the defendant or defendants in the above entitled action~~ the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are ~~indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.~~

Dated: **06/24/2005**

Justice of the Superior Court

Associate Justice of the Superior Court Dept.

Legal Member:

Attorney - Tribunal Member

Medical Member:

\*Physician - Tribunal Member
\*Health Care Provider - Tribunal Member

\*strike inapplicable words

notice sent 6/27/05

cm

HEREBY ATTEST AND CERTIFY ON
*June 27, 2005*
FOREGOING DOCUMENT IS A FULL
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUE ZHANG | ) |
|     Plaintiff | ) |
|  | ) |
| v. | ) CIVIL ACTION NO. 04- |
|  | ) |
| MICHAEL P. GOLDFINGER, M.D., and | ) |
| SHRAGA N. GOLDBERG, M.D. | ) |
|     Defendants | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## PARTIES

1.  The Plaintiff, Jue Zhang Resides at E26 Mill Pond Road, Broad Brook, HartfordCounty, Connecticut.

2.  Defendant Michael Goldfinger, M.D. is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts. At all times relevant hereto, said Defendant practiced radiology at Beth Israel Deaconess Medical Center, Boston, Suffolk County, Massachusetts.

3.  Defendant Shraga Goldberg, M.D. is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts. At all times relevant hereto, said Defendant practiced radiology at Beth Israel Deaconess Medical Center, Boston, Suffolk County, Massachusetts.

4.  The United States District Court has jurisdiction in this matter because of diversity of parties.

5.  The amount in controversy exceeds the amount necessary to satisfy the jurisdictional requirements of this Court.

## COUNT I
### (Negligence – Shraga Goldberg, M.D.)

6.  Paragraphs 1 through 5 are incorporated by reference as if set forth fully herein.

7.  On or about November 8, 2001 and thereafter, the Defendant, Shraga Goldberg, M.D., for valuable consideration, undertook to treat and care for Plaintiff Jue Zhang.

notice sent 6/27/05
B.O.M.
U.S.D.COURT

8.    It then and there became the duty of Defendant, Shraga Goldberg, M.D. to exercise that degree of care, diligence, and skill as is exercised by an average surgeon holding himself out in the field at the time in question.

9.    Nevertheless, Defendant Shraga Goldberg, M.D. breached his duty and failed to exercise said degree of care, diligence and skill by negligently treating, recommending treatment for, supervising the care of, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff Jue Zhang.

10.   As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff Jue Zhang suffered severe and permanent injuries, endured and will in the future endure, great pain and suffering and mental anguish, has incurred and will in the future incur medical and other extraordinary expenses for their care and treatment, has and will in the future suffer a loss of earnings and earning capacity, and said Plaintiff was and otherwise is greatly injured.

WHEREFORE, Plaintiff Jue Zhang, Individually, demands judgment against the Defendant Shraga Goldberg, M.D. in such an amount as a jury may deem proper, plus interest and costs.

## COUNT II
### (Negligence – Michael Goldfinger, M.D.)

11.   Paragraphs 1 through 10 are incorporated by reference as if set forth fully herein.

12.   On or about November 8, 2001 and thereafter, the Defendant, Michael Goldfinger, M.D., for valuable consideration, undertook to treat and care for Plaintiff Jue Zhang.

13.   It then and there became the duty of Defendant, Michael Goldfinger, M.D. to exercise that degree of care, diligence, and skill as is exercised by an average surgeon holding himself out in the field at the time in question.

14.   Nevertheless, Defendant Michael Goldfinger, M.D. breached his duty and failed to exercise said degree of care, diligence and skill by negligently treating, recommending treatment for, supervising the care of, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff Jue Zhang..

15.   As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff Jue Zhang suffered severe and permanent injuries, endured and will in the future endure, great pain and suffering and mental anguish, has incurred and will in the future incur medical and other extraordinary expenses for their care and treatment, has and will in the future suffer a loss of earnings and earning capacity, and said Plaintiff was and otherwise is greatly injured.

WHEREFORE, Plaintiff Jue Zhang, Individually, demands judgment against the Defendant Michael Goldfinger, M.D. in such an amount as a jury may deem proper, plus interest and costs

## JURY DEMAND

The plaintiffs demand a trial by jury.

The Plaintiffs,
By their Attorneys,


Barry D. Lang, Esq.
BBO # 565438
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA  02109
(617) 720-0176

Zachary B. Lang, Esq.
BBO# 652055
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA  02109
(617) 720-0176

Dated: December 27, 2004

I HEREBY ATTEST AND CERTIFY ON

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.