UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUE ZHANG,<br>　　　Plaintiff,<br><br>v.<br><br>SHRAGA N. GOLDBERG, M.D.,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)　C.A. NO. 04-12735PBS<br>)<br>)<br>)<br>) |

### *THE DEFENDANT'S MOTION FOR LEAVE*
### *OF COURT TO FILE A LIMITED REPLY BRIEF &*
### <u>*LIMITED REPLY BRIEF*</u>

Pursuant to U.S.D.C. Local Rule 7.1(B)(4), the defendant respectfully requests that this Court grant leave to file the enclosed Reply Brief to respond to plaintiff's allegations in their Opposition to the Defendant's Motion to Obtain Court Orders. As reason therefore, the defendant states that allegations in the Opposition demonstrate inconsistencies which confirm exactly why the defendant's request for records should be granted. Further, the defendant wishes to respond to plaintiff's counsel's allegations that the tactics are "draconian" and "for intimidation purposes."

### *LIMITED REPLY BRIEF*

NOW COME the Defendant and hereby provides this Reply brief to comment on the following statements made by the plaintiff in her Opposition.

### **FACTS**

- ➤ To date, no record has been provided that demonstrates the plaintiff underwent a PPD test in 1997 prior to coming to the United States or the results of that test.
- ➤ In ¶ 3, the plaintiff references their expert report of Cameron Ashbaugh, M.D. in <u>falsely</u> stating that "[t]he records show that the plaintiff in 1997 had a positive PPD

> for tuberculosis but received no treatment," however, Dr. Dr. Ashbaugh says that information is what "she reports" **not by records.** See Exhibit A ¶ 1, line 3.
> ➢ When defense counsel asked the plaintiff at her deposition if a test was required in 1997 prior to coming to the United States she responded, "I don't remember. You need to check the record. Based on memory, I don't remember." See Deposition of the Plaintiff at page 30 at **Exhibit B**.
> ➢ Further, the plaintiff did **not** list a positive skin test in 1997 in response to an Interrogatory expressly asking that question. See Answer No. 22 attached hereto as **Exhibit C**.
> ➢ In ¶ 8, plaintiff's counsel accuses the defense counsel of using "thinly-veiled attempt to intimidate the plaintiff into dismissing her lawsuit."
> ➢ In ¶ 11, plaintiff's counsel states the Motion will lead to "draconian results."

## ARGUMENT

This is not "an attempt to intimidate the plaintiff into dismissing her lawsuit." As described above, statements in the plaintiff's own Opposition contradict her testimony under oath with respect to what testing was conducted for tuberculosis prior to her entry to this country in 1997. The information contained in the United States' file is important and relevant to the defense of this case on the issues of negligence, contributory negligence and causation, not to mention the plaintiff's credibility and veracity of information provided to all medical providers and testimony under oath.

The immigration status of the plaintiff is completely irrelevant to the defense of this case. Although defense counsel did express to plaintiff's counsel concern that the government documents may contradict testimony provided under oath, defense counsel offered that the plaintiff obtain these records on her own if that was easier for her and less likely to cause a problem with the government. Instead, the plaintiff's counsel informed defense counsel that a Motion for Court Order was required. Further, if the plaintiff fabricated or provided false information to the United States government to obtain entry into this county or provided false testimony under oath, that would certainly impact on the plaintiff's credibility in this case.

WHEREFORE, for all the foregoing reasons, the defendant respectfully requests this Honorable Court ALLOW the defendant's Motion for Court Order.

## REQUEST FOR ORAL ARGUMENT

The defendant requests an oral argument on the matter pursuant to USDC Local Rule 7.1(D).

For the Defendant,
Shraga N. Goldberg, M.D.,
By his attorneys,

_____
Sidney W. Adler, BBO #012660
Jennifer Boyd Herlihy, BBO #636815
Adler, Cohen, Harvey, Wakeman
 & Guekguezian, LLP
75 Federal Street, Tenth Floor
Boston, MA 02110
(617) 423-6674

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 5/15/06

**EXHIBIT A**

December 6, 2004

Dr. Barry D. Lang
1 State Street
Suite 1050
Boston, MA 02109


Dear Dr. Lang,

Ms. Jue Zhang has been under my care at Brigham and Women's Hospital from August 2003 for a mycobacterial spine infection. Ms. Zhang was born in China and emigrated to the United States in 1997. She reports that on arrival in the United States she had a skin test for tuberculosis and that she was told that it was positive. In the summer of 2001, she developed pain in the right upper abdomen and back. In September 2001, she made several trips to the Emergency Room at Metrowest Medical Center for evaluation before finally being admitted on 10/01/01. During her admission she had a variety of studies. Reports from these studies record a normal chest x-ray, a normal abdominal x-ray, normal rib x-rays, normal thoracic spine x-rays, and an abdominal/pelvic CT scan that was notable for a possible small cyst in the right ovary. An upper gastrointestinal endoscopy demonstrated findings consistent with mild gastritis. She was discharged on 10/3/01 with a diagnosis of musculoskeletal pain and gastritis. On November 7, 2001, she had an abdominal CT scan done at the Beth Israel Deaconess Hospital. It was reported as a normal study.

She continued to have intermittent back and right side pain that waxed and waned. In June 2003, she initiated care with Dr. Howard Ro in Enfield, Connecticut. On her first visit, Dr. Ro ordered chest and thoracic spine x-rays which demonstrated thoracic vertebral damage that was new in comparison to the x-rays done in 2001. A follow-up spinal CT scan on June 20, 2003 demonstrated findings consistent with a thoracic vertebral spine infection with an associated large paraspinal abscess. Of note, the radiology report compares this CT study to the November 2001 study from the Beth Israel Deaconess Hospital. In retrospect, the radiologist reading the most recent images feels that there was abnormal paraspinal soft tissue thickening in the lower thoracic spine in 2001. The patient underwent needle biopsy of the thoracic spine abnormality on June 26, 2003. The pathology was consistent with mycobacterial infection and the cultures ultimately grew both *Mycobacterium tuberculosis* and *Mycobacterium avium intracellulare* complex. The patient was begun on antituberculous therapy in late June 2003 and in August 2003, additional therapy for *Mycobacterium avium intracellulare* complex was added. Despite medical therapy, she had a slow increase in the size of her paraspinal abscess and thoracic vertebral body infection that was demonstrated by repeated spinal imaging studies over the next nine months.

On April 8, 2004, she underwent a right thoracotomy. In the operating room, approximately 50 ml of purulent material was aspirated from the paraspinal abscess and necrotic bone was debrided. She had a titanium cage and rods placed to stabilize her thoracic spine. A stain of the abscess fluid for mycobacterium species was positive, however, the operative cultures were negative. A PCR test for *Mycobacterium tuberculosis* DNA done on the abscess fluid was positive. A similar test for *Mycobacterium avium intracellulare* complex was negative. The patient has slowly improved since her surgery. She completed medical therapy on 10/15/04.

It is likely that she had slowly progressive mycobacterial spine infection for many years and that the symptoms that prompted her 10/01/01 admission to Metrowest Hospital were due to this infection despite the negative chest, rib, and thoracic spine radiographs that were done at the time. Although the course of these infections is difficult to predict, it is more likely than not that had the diagnosis of spinal tuberculosis been made in 2001, before the disease had progressed to vertebral body destruction and a large abcess, she would have been able to have been treated successfully with medical therapy alone and would not have required surgery

Sincerely,

Cameron Ashbaugh, M.D.
Assistant Professor of Medicine
Harvard Medical School
Associate Physician
Brigham and Women's Hospital
Division of Infectious Disease
Boston, MA

**EXHIBIT B**

ORIGINAL

1

**VOLUME I**
**PAGES 1 - 155**
**EXHIBITS: 1 - 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*******************************
JUE ZHANG,                     *
        Plaintiff,             *
                               *
vs.                            *
                               *   C.A. NO.
                               *   04-12735PBS
SHRAGA N. GOLDBERG, M.D.,      *
        Defendant              *
                               *
*******************************
```

**DEPOSITION OF JUE ZHANG**, a witness called on behalf of the Defendant, taken pursuant to the applicable provisions of the Federal Rules of Civil Procedure before Deanna L. Veinotte, CSR #100293, Registered Professional Reporter and Notary Public within and for the Commonwealth of Massachusetts, at the offices of Adler, Cohen, Harvey, Wakeman & Guekguezian, 75 Federal Street, Boston, Massachusetts, on Friday, February 17, 2006, commencing at 11:00 a.m.

EPPLEY COURT REPORTING
Post Office Box 382
Hopedale, Massachusetts 01747
(508) 478-9795    (508) 478-0595 (Fax)
leppley@msn.com

EPPLEY COURT REPORTING, LLC

30

1   to your counsel requesting your medical chart
2   from Northeastern.
3       A.   Okay.
4       Q.   Is that where you also think you had
5   your first TB test?
6       A.   Yes, the first TB skin.
7       Q.   That wasn't required before you came?
8       A.   I don't remember.  You need to check
9   the record.  Based on memory, I don't remember.
10      Q.   I will check the record.  I'm just
11  asking if you have a memory of having a TB test
12  before 1999?
13      A.   Not in the United States.
14      Q.   Do you remember receiving a TB
15  positive?
16      A.   Yeah, at school I remember.
17      Q.   And what did they tell you about that?
18      A.   They tell me to take some antibiotics.
19      Q.   Did you get a prescription for
20  antibiotics?
21      A.   No.
22      Q.   And why is that?
23      A.   I don't know.  Actually, I also
24  don't -- right now step back, I forget whether

**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUE ZHANG )<br>    Plaintiff )<br>)<br>v. )<br>)<br>SHRAGA N. GOLDBERG, M.D. )<br>    Defendant ) | CIVIL ACTION NO. 04-12735-PBS |

Zhang
EXHIBIT NO. 1
D. Veinotte 2-17-06

## ANSWERS OF THE PLAINTIFF, JUE ZHANG TO INTERROGATORIES OF THE DEFENDANT SHRAGA N. GOLDBERG, M.D.

### INTERROGATORY NO. 1

Please identify yourself, stating your full name, social security number, date of birth, residential address, occupation, business address, and if married, the name of your spouse, the date of your marriage and your maiden name or any other names by which you have been known and the names of any children, if any, with the dates of their births and their present addresses.

### ANSWER NO. 1

| | |
|---|---|
| Name: | Jue Zhang |
| Social Security Number: | 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 |
| Date of birth: | December 6, 1973 |
| Residential address: | 20 Revere Dr., Apt 3, Bloomfield, CT 06002 |
| Occupation: | Student, University of Hartford |
| Business address: | N/A |
| Spouse: | Yun Long |
| Date of marriage: | July 4, 1997 |
| Maiden name: | Jue Zhang |
| Children: | Renee Z. Long, born January 10, 2003 |

### INTERROGATORY NO. 2

With reference to the illnesses, ailment, injury or condition from which you suffered when you were first treated by the defendant, Shraga N. Goldberg, M.D. ("defendant"), please describe:

    a. how long you had been affected by such illness, ailment, injury or condition;
    b. the nature of all examinations or treatments received by you for the illness, ailment, injury or condition prior to your first treatment by the defendant;
    c. the dates of each such examination or treatment; and
    d. the name and address of each person who treated you for the illness, ailment,

   d. testing ordered; and
   e. plan for follow-up.

## ANSWER NO. 21

Please refer to Answer No. 2, above.

Dr. Siddiqui referred me to Dr. Guan. Dr. Guan requested the CT that was misread as normal by the defendant. No follow-up was planned because the film was reported as normal.

## INTERROGATORY NO. 22

Please state when you moved to the United States and each and every time you have been to China, including in your response the following:

   a. if you were tested for tuberculosis, what the results of the tests were, how you were advised of the results and any other information or guidelines provided to you.
   b. any other medical testing performed prior to or upon arrival in the United States and/or China;
   c. your family history of tuberculosis, the nature of the contact with those listed, the dates of your contact with those listed and/or any precautions taken; and
   d. any contact with any person with tuberculosis, the nature of the contact with those listed, the dates of your contact with those listed and/or any precautions taken.

## ANSWER NO. 22

I came to United States on December 30, 1997. I have not gone back to China since then.

   a. I had TB skin test in 1999. The result was positive, but my lungs were clear. I was recommended but not required to take some antibiotic. I didn't take antibiotic at the time because skin test positive is very common among Chinese due to TB immunization.
   b. I took a required medical exam (including chest x-ray and blood test) before I came to the United States in 1997. Everything was normal.
   c. My grandfather and an uncle had lung TB and were treated before I was born. My husband had lung TB and was treated six years before I met him.
   d. I had visits to my grandfather's and uncle's home often when I was a child. I have lived with my husband since 1997. I had no contact with these individuals before their lung TB had been fully treated.

Signed under the pains and penalties of perjury this ___20___ day of __January__ 2006

_____Jue Zhang_____
Jue Zhang

As to objections:
The plaintiff,
by her attorney,

_____[signature]_____
Barry D. Lang, Esq.
BBO # 565438
Barry D. Lang, M.D. & Associates
1 State Street, Suite 1050
Boston, MA 02109
(617) 720-0176

Dated: 23 Jan '06