UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUE ZHANG        ) | |
|     Plaintiff        ) | |
|             ) | |
| v.        ) | CIVIL ACTION NO. 04-12735-PBS |
|             ) | |
| SHRAGA N. GOLDBERG, M.D.  ) | |
|     Defendant        ) | |

**PLAINTIFF'S OBJECTION TO THE DEFENDANT'S FURTHER SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF MOTION FOR COURT ORDER FOR HOMELAND SECURITY FILES**

NOW COMES THE PLAINTIFF, and objects to the defendant's further affidavit in support of his motion for Court orders to obtain documents from the departments of the United States government.

TB is endemic in China and it can be assumed that Jue Zhang would have had a positive test. Because it is endemic, it is doubtful that testing was performed in China since a billion people, give or take a hundred million, would not be treated based solely on a positive test without having actual symptoms. Therefore, if Ms. Zhang was not mistaken and did, in fact, have a positive test, that test was probably performed in the U.S., after obtaining Homeland Security's stamp of approval. It is doubtful that Homeland Security offered medical advice to Ms. Zhang regarding follow-up of a presumedly positive test. Defense experts "expectations" that relevant information will be obtained from Homeland Security records is mere speculation.

Even if the defendant is correct, that patients have an obligation to participate in their own health care (with which I agree), it does not change the fact that the defendant missed the diagnosis. Whether she was treated or not, adequately or not, still does not change the fact of the defendant's alleged negligence.

Defense experts continue to fail to make a convincing argument how any of Homeland Security's medical documentation, if any, would have allowed the defendant to properly diagnose TB on CT Scan, or how Ms. Zhang's treatment would have been any different following the defendant's alleged negligence.

To allow the defendant's motion to obtain Homeland Security files on pure speculation as to what would be found potentially opens a can of worms for the plaintiff in today's climate and could result in devastating consequences for her and her family.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's motion for orders to obtain documents from the departments of the United States government.


The plaintiff,
by her attorney,


   /S/ Barry D. Lang, Esq.
Barry D. Lang, Esq.
BBO # 565438
Zachary B. Lang, Esq.
BBO# 652055
Attorney for the Plaintiffs
**Barry D. Lang, M.D. & Associates**
1 State Street, Suite 1050
Boston, MA 02109
617-720-0176

Dated: November 16, 2006